IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 19-1161

THE UNITED STATES OF AMERICA,

       Plaintiff,

       v.

NANCY RADI, a/k/a NANCY COLQUITT,
a/k/a NANCY HENDRICKS,
ROBERT COLQUITT,
DARLOC ENTERPRISES, LLC,
DARLOC VENTURES,
DENVER COUNTY, CO, and
PARK COUNTY, CO,

       Defendants.

## UNITED STATES' COMPLAINT

The United States of America, through its undersigned counsel, files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax liabilities and civil penalties assessed against Defendant Nancy Radi (a/k/a Nancy Colquitt, a/k/a Nancy Hendricks—hereinafter "Nancy Radi") and to foreclose related federal tax liens on real property owned by Radi located in Denver County, Colorado and Park County, Colorado.

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of

the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 & 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & 1396 because Defendant Radi resides in the District of Colorado, it is the district in which the tax liabilities and penalties at issue accrued, and it is the district in which the property that is the subject of the action is situated.

## IDENTIFICATION OF DEFENDANTS

5. Defendant Nancy Radi is an adult individual residing in this judicial district. She is named as the Defendant in this action because she has unpaid federal income tax liabilities and because she has an interest in the real property at issue in this case.

6. Defendant Robert Colquitt is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) as a party who may claim a potential interest in the real property at issue in this matter.

7. Defendant Darloc Enterprises, LLC is a limited liability company organized in the states of Wyoming (registered in 2006) and Colorado (registered in 2013). Darloc Enterprises, LLC is named as a defendant in this action because it is Nancy Radi's nominee, transferee, or alter ego and pursuant to 26 U.S.C. § 7403(b) as a party that may claim a potential interest in the real property at issue in this matter.

8. Defendant Darloc Ventures is an unincorporated fictitious name or trust used by Defendant Radi to control Darloc Enterprises, LLC and to conceal her ownership of the real property at issue in this case. Darloc Ventures is named as a defendant in this action because it is Nancy Radi's unincorporated fictitious name or trust, because it is Nancy Radi's nominee,

transferee, or alter ego, and pursuant to 26 U.S.C. § 7403(b) as a party that may claim a potential interest in the real property at issue in this matter.

9. Defendant Denver County, Colorado is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) as a party with a potential interest in the real property at issue in this action.

10. Defendant Park County, Colorado is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) as a party with a potential interest in the real property at issue in this action.

## TAX LIABILITIES, CIVIL PENALTIES, AND LIENS

11. Defendant Radi filed a federal individual tax return for the 2008 tax year, but failed to pay the self-reported liability set forth on the return.

12. Radi failed to file federal individual income tax returns for the 2009 and 2010 tax years. The IRS conducted an audit and issued a statutory notice of deficiency for the 2009 and 2010 tax years, and Radi failed to timely petition the United States Tax Court to challenge the notice of deficiency.

13. On the dates, in the amounts, and for the tax periods set forth below, an authorized delegate of the Secretary of the Treasury made timely assessments against Defendant Radi for unpaid federal income taxes, penalties, interest, and other statutory additions as follows:

| Tax Year | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 19, 2019 |
|---|---|---|---|---|
| 2008 | 3/8/2010 | Tax Assessed: | $ 8,750.00 | |
| | 3/8/2010 | Failure to Pay Penalty: | 270.27 | |
| | 3/8/2010 | Interest Assessed: | 219.62 | |
| | 3/8/2010 | Late Filing Penalty: | 1,105.65 | |
| | 8/13/2012 | Interest Assessed: | 574.32 | |
| | 8/13/2012 | Failure to Pay Penalty: | 958.23 | |
| | 5/11/2015 | Interest Assessed: | 701.97 | $9,916.08 |

| Tax Year | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 19, 2019 |
|---|---|---|---|---|
| 2009 | 2/25/2013 | Tax Assessed: | $ 8,544.00 | |
| | 2/25/2013 | Failure to Pay Penalty: | 1,168.82 | |
| | 2/25/2013 | Interest Assessed: | 843.36 | |
| | 2/25/2013 | Late Filing Penalty: | 1,502.78 | |
| | 5/11/2015 | Interest Assessed: | 707.94 | |
| | 5/11/2015 | Failure to Pay Penalty: | 500.93 | $13,594.17 |
| 2010 | 8/26/2013 | Tax Assessed: | $ 2,458.00 | |
| | 8/26/2013 | Failure to Pay Penalty: | 235.48 | |
| | 8/26/2013 | Interest Assessed: | 156.08 | |
| | 8/26/2013 | Late Filing Penalty: | 365.40 | |
| | 5/11/2015 | Interest Assessed: | 125.09 | |
| | 5/11/2015 | Failure to Pay Penalty: | 170.52 | $3,147.86 |

14. Throughout 2008 and 2009, Defendant Radi filed numerous frivolous tax filings related to the 1995 through 2008 tax years. These filings include several "zero" tax returns (stating that she received no income for the given tax year, despite wages and other income having been reported to the IRS) and several statements regarding her belief that she is not subject to federal income taxes.

15. Accordingly, on the dates, in the amounts, and for the tax periods set forth below, an authorized delegate of the Secretary of the Treasury made timely civil penalty assessments against Defendant Radi under 26 U.S.C. § 6702 as follows:

| Tax Year | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 19, 2019 |
|---|---|---|---|---|
| 1995 | 8/9/2010 | Penalty Assessed: | $ 10,000.00 | |
| | 8/13/2012 | Interest Assessed: | 700.20 | |
| | 5/11/2015 | Interest Assessed: | 924.92 | $12,970.02 |
| 1996 | 8/9/2010 | Penalty Assessed: | $ 10,000.00 | |
| | 8/13/2012 | Interest Assessed: | 700.20 | |
| | 5/11/2015 | Interest Assessed: | 936.20 | $13,685.38 |

| Tax Year | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 19, 2019 |
|---|---|---|---|---|
| 2003 | 8/9/2010 | Penalty Assessed: | $ 10,000.00 | |
|  | 10/10/2011 | Penalty Assessed: | 5,000.00 | |
|  | 8/13/2012 | Interest Assessed: | 469.60 | |
|  | 5/11/2015 | Interest Assessed: | 916.08 | $13,390.49 |
| 2005 | 8/9/2010 | Penalty Assessed: | $ 10,000.00 | |
|  | 8/13/2012 | Interest Assessed: | 700.20 | |
|  | 5/11/2015 | Interest Assessed: | 936.20 | $13,685.38 |
| 2007 | 4/20/2009 | Penalty Assessed: | $ 10,000.00 | |
|  | 3/7/2011 | Penalty Assessed: | 10,000.00 | |
|  | 8/13/2012 | Interest Assessed: | 1,748.84 | |
|  | 5/11/2015 | Interest Assessed: | 1,902.96 | $27,974.68 |
| 2008 | 2/8/2010 | Penalty Assessed: | $ 5,000.00 | |
|  | 8/13/2012 | Interest Assessed: | 477.53 | $6,980.53 |

16. Despite timely notice and demand for payment of the assessments described above, Defendant Radi has neglected, failed, or refused to fully pay the assessments made against her.

17. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

18. In 2011, in response to an IRS levy, Defendant Radi provided a bad check to the IRS, which the IRS posted but subsequently disallowed.

19. As of April 19, 2019, Defendant Radi owes the United States $115,344.59 on the above-described assessments.

20. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, tax liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Defendant Radi.

21. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Liens ("NFTLs") regarding the above-described assessments with the County Recorder of Park County, Colorado on June 20, 2016 and with the County Recorder of Denver County, Colorado on June 22, 2016.

22. The IRS filed NFTLs regarding the above-described assessments naming "DARLOC VENTURES, as Alter Ego of Nanci Radi, aka Nancy Radi, aka Nancy Colquitt, aka Nancy Hendricks" for the above-described assessments with the County Recorder of Park County, Colorado on September 20, 2016.

23. The IRS filed NFTLs regarding the above-described assessments naming "DARLOC ENTERPRISES LLC, as Nominee of Nanci Radi, aka Nancy Radi, aka Nancy Colquitt, aka Nancy Hendricks" for the above-described assessments with the County Recorder of Denver County, Colorado on September 21, 2016.

## THE PROPERTIES

24. This action seeks to foreclose upon real property owned by Defendant Radi located at 655 S. Clinton St. #5B, Denver, Colorado 80247 ("the Denver Property"). The Denver Property is located in Denver County, Colorado and is a condominium located in Windsor Gardens Condominiums.

25. This action also seeks to foreclose upon real property owned by Defendant Radi located at 1943 Bonell Drive, Fairplay, Colorado 80440 ("the Fairplay Property"). The Fairplay Property is located in Park County, Colorado and is more particularly described as follows:

> Lot 436, Filing Number Four (4), Redhill Forest
> according to the Plat thereof

## THE NOMINEE / ALTER-EGO ENTITIES AND PROPERTY TRANSFERS

**Darloc Ventures and the Fairplay Property**

26. Defendant Darloc Ventures is an unincorporated fictitious name or trust created by Defendants Radi and Colquitt to frustrate and avoid the collection efforts of the United States with regard to Defendant Radi's unpaid taxes and penalties.

27. Around 2004, Defendant Radi became involved with Joseph Hill, a tax avoidance scheme promotor who was indicted in the United States District Court for the District of Wyoming (No. 2:14-cr-00027-NDF) for various crimes, including Conspiracy to Defraud the United States (18 U.S.C. § 371). Hill was ultimately convicted on this count (and others), which involved claims that Hill created abusive tax avoidance trusts on behalf of his "clients."

28. Defendant Radi used Hill's services to create Darloc Ventures.

29. Defendants Radi and Colquitt are the owners of Darloc Ventures (to the extent it is a trust and not a fictitious name) and retain control of the trust and its assets.

30. Darloc Ventures holds an account at TCF Bank, which Defendant Radi uses as her own account to deposit checks payable to her and pay bills.

31. All (or virtually all) of the funds held by Darloc Ventures in the TCF Bank account are funds provided by Defendant Radi.

32. Defendant Radi, by signing checks from Darloc Ventures' account, deposits funds into Defendant Colquitt's account at KeyBank.

33. On August 26, 1994, Defendants Colquitt and Radi (listed on the title as Nancy Hendricks) acquired the Fairplay Property via warranty deed.

34. Defendants Radi and Colquitt transferred the Fairplay Property to Darloc Ventures on October 6, 2004 in an attempt to avoid taxes and frustrate the collection efforts of the United States.

35. Darloc Ventures paid no consideration for the Fairplay Property.

36. Despite having caused the transfer of the Fairplay Property to Darloc Ventures, Defendant Radi has maintained a beneficial interest in the Fairplay Property since she originally acquired it.

37. Defendants Radi and Colquitt do not pay rent for their use of the Fairplay Property.

38. Defendant Radi, funneling her funds through Darloc Ventures (or Defendant Colquitt, after receiving fund transfers from Radi through Darloc Ventures) pays the expenses of the Fairplay Property, including property taxes.

**Darloc Enterprises, LLC and the Denver Property**

39. Defendant Darloc Enterprises, LLC ("Darloc Enterprises") is a limited liability company registered in the states of Colorado and Wyoming and used by Defendants Radi and Colquitt to hold title to the Denver Property in an attempt to frustrate and avoid the collection efforts of the United States with regard to Defendant Radi's unpaid taxes and penalties.

40. Defendant Radi used Joseph Hill's services to create Darloc Enterprises.

41. Defendant Darloc Enterprises was first registered with the Wyoming Secretary of State in September 2006.

42. Darloc Enterprises was then registered with the Colorado Secretary of State on December 1, 2013, approximately 16 days before Darloc Enterprises took title to the Denver Property.

43. Joseph Hill was originally listed as the registered agent of Darloc Enterprises with the Colorado Secretary of State.

44. On September 16, 2014, just months following Hill's indictment in the District of Wyoming, Defendant Colquitt filed a Statement of Change to change the registered agent from Hill to Darloc Ventures.

45. Defendants Radi and Colquitt and/or Defendant Darloc Ventures own and control Darloc Enterprises.

46. In December 2013, Defendant Radi wired over $90,000 of her funds from Darloc Ventures' TCF Bank account to Canyon Title for the purchase of the Denver Property.

47. The funds used for the purchase of the Denver Property were deposited into the TCF Bank account from Defendant Radi's own personal funds.

48. Defendant Radi purchased the Denver Property through Darloc Ventures and Darloc Enterprises in attempt to frustrate the collection efforts of the United States with regarding to her unpaid federal taxes and penalties.

49. Darloc Enterprises paid no consideration for the purchase of the Denver Property; instead, Defendant Radi funneled her own funds through her nominee and alter-ego, Darloc Ventures, to pay the purchase price.

50. Darloc Enterprises, aside from its status as title owner of the Denver Property and its purpose to attempt to shield Defendant Radi's assets from collection, engages in no other business.

51. Defendant Radi, funneling her funds through Darloc Ventures (or Defendant Colquitt, after receiving fund transfers from Radi through Darloc Ventures) pays the expenses of Denver Property, including property taxes, HOA fees, and utilities.

52. Defendants Radi and Colquitt reside at the Denver Property.

53. Despite titling the Denver Property in Darloc Enterprises' name, Defendant Radi has maintained a beneficial interest in the Denver Property since she originally acquired it.

54. Defendants Radi and Colquitt do not pay rent for their use of the Denver Property.

## COUNT I
*Reduce Federal Income Tax and Civil Penalty Assessments to Judgment*

55. The United States incorporates the foregoing paragraphs of this Complaint by reference.

56. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Defendant Nancy Radi for $115,344.59, as of April 19, 2019, which is the unpaid balance of the assessed amounts described above, plus statutory interest and any other additions accruing to the date of payment.

\\

## COUNT II
*Request for Judgment Declaring that Darloc Ventures Holds Title
to the Fairplay Property as the Nominee and/or Alter-Ego of Nancy Radi*

57. The United States incorporates the foregoing paragraphs of this Complaint by reference.

58. Based upon Defendant Radi's ownership and control of Darloc Ventures, her use of Darloc Ventures' bank account as her own, her provision of all or virtually all of Darloc Venture's funds and assets, her beneficial ownership and control of the Fairplay Property, her payment of the costs and taxes associated with the Fairplay Property, the fact that Darloc Ventures offered no or inadequate consideration for the transfer of the Fairplay Property, and the fact that Darloc Ventures exists for the purposes of frustrating the United States' collection efforts with regard to Defendant Radi's federal tax and penalty liabilities, the United States is entitled to a judgment declaring that Darloc Ventures holds title to the Fairplay Property as the nominee and/or alter-ego of Defendant Radi.

59. The United States is entitled to foreclose its federal tax liens on the Fairplay Property and apply the proceeds from the sale of the Fairplay Property towards the satisfaction of the outstanding federal tax and penalty assessments against Defendant Radi.

## COUNT III
*Request for Judgment Declaring that Darloc Enterprises Holds Title
to the Denver Property as the Nominee and/or Alter-Ego of Nancy Radi*

60. The United States incorporates the foregoing paragraphs of this Complaint by reference.

61. Based upon Darloc Ventures' status as Defendant Radi's nominee and/or alter-ego, Defendant Radi's ownership and control of Darloc Enterprises (and her ownership and control of Darloc Ventures, which in turn controls Darloc Enterprises), her use of her funds to purchase the Denver Property in Darloc Enterprises' name, her beneficial ownership and control of the Denver Property, her payment of the upkeep expenses, property taxes, HOA fees, and

utilities associated with the Denver Property, the fact that Darloc Enterprises offered no or inadequate consideration for the purchase of the Denver Property, and the fact that Darloc Enterprises exists for the purposes of holding title to the Denver Property and frustrating the United States' collection efforts with regard to Defendant Radi's federal tax and penalty liabilities, the United States is entitled to a judgment declaring that Darloc Enterprises holds title to the Denver Property as the nominee and/or alter-ego of Defendant Radi.

62. The United States is entitled to foreclose its federal tax liens on the Denver Property and apply the proceeds from the sale of the Denver Property towards the satisfaction of the outstanding federal tax and penalty assessments against Defendant Radi.

## COUNT IV
*Foreclose Federal Tax Liens*

63. The United States incorporates the foregoing paragraphs of this Complaint by reference.

64. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Denver Property and Fairplay Property to enforce its tax liens in order to pay Defendant Radi's unpaid federal tax and civil penalty assessments described above.

65. The tax liens arising from the assessments described above have priority over all interests in the Denver Property and Fairplay Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

    A.    Enter judgment in favor of the United States and against Defendant Nancy Radi in the amount of $115,344.59, plus statutory interest and other additions accruing from April 19, 2019 to the date of full payment;

B. Determine, adjudge, and decree that Darloc Ventures holds title to the Fairplay Property as the nominee and/or alter-ego of Defendant Radi;

C. Determine, adjudge, and decree that Darloc Enterprises, LLC holds title to the Denver Property as the nominee and/or alter-ego of Defendant Radi;

D. Determine, adjudge, and decree that the United States has a perfected lien interest in all property and rights to property belonging to Defendant Nancy Radi, including the Denver Property and Fairplay Property, as of the assessment dates;

E. Order that the United States' liens be foreclosed upon the Denver Property and Fairplay Property, that those properties be sold, and that the proceeds from the sale be distributed to the United States in satisfaction or partial satisfaction of Defendant Radi's unpaid federal tax and penalty assessments, and all other parties with a valid interest in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

F. Award the United States its costs incurred in this proceeding and such other relief as is just and proper.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Dated: <u>April 19, 2019</u>  RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:   202.514.5173
Fax:  202.307.0054
Ryan.Watson@usdoj.gov

*Of Counsel*
JASON R. DUNN
United States Attorney

*Attorneys for the United States of America*