## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil No. 1:19-cv-01161-JLK

THE UNITED STATES OF AMERICA,

        Plaintiff,

        v.

NANCY RADI, a/k/a NANCY COLQUITT, a/k/a NANCY HENDRICKS,
ROBERT COLQUITT,
DARLOC ENTERPRISES, LLC,
DARLOC VENTURES, LLC
DENVER COUNTY, CO,
PARK COUNTY, CO,
CHRISTOPHER TRACY, and
AMANDA TRACY,

        Defendants.

## ANSWER

The Defendant, Nancy Colquitt, by and through undersigned counsel, Ted H. Merriam of the Merriam Law Firm, hereby answers and responds to the allegations set forth in the United States' Amended Complaint ("Complaint") filed on May 15, 2019, as follows:

1.      The United States initially filed the Complaint in this case on April 19, 2019.

2. The United States filed an Amended Complaint on May 15, 2019, and the Defendant, Nancy Colquitt, was personally served on June 27, 2019.

3. The Defendant's Answer was initially due on or before July 18, 2019, but that deadline was extended pursuant to the Defendant's motion for extension and the Court's Order dated July 26, 2019.

4. The Defendant admits that this is a civil action brought by the United States to reduce to judgment certain outstanding federal tax liabilities, but denies that the Complaint was filed timely.

5. The Defendant admits that this action was commenced pursuant to 26 U.S.C. §§ 7401 and 7403, but is without sufficient information or information to admit or deny the remaining averments contained in paragraph 2 of the Complaint as to who directed, authorized and/or requested this action to be filed, and upon such basis, denies the same.

6. The Defendant admits that the Court has jurisdiction in this case.

7. The Defendant admits that venue is proper in the District of Colorado.

8. The Defendant admits the allegations set forth in paragraph 5 of the Complaint.

9. The Defendant admits the allegations set forth in paragraph 6 of the Complaint.

10. The Defendant denies the allegations set forth in paragraph 7 of the Complaint.

11. The Defendant denies the allegations set forth in paragraph 8 of the Complaint.

12. The Defendant admits the allegations set forth in paragraph 9 of the Complaint.

13. The Defendant admits the allegations set forth in paragraph 10 of the Complaint.

14. The Defendant denies the allegations set forth in paragraph 11 of the Complaint.

15. The Defendant denies the allegations set forth in paragraph 12 of the Complaint.

16. The Defendant admits the allegations set forth in paragraph 13 of the Complaint.

17. The Defendant denies the allegations set forth in paragraph 14 of the Complaint.

18. The Defendant admits that assessments were made as set forth in paragraph 15 of the Complaint, but denies that such assessments were timely or accurate.

19. The Defendant denies the allegations set forth in paragraph 16 of the Complaint.

20. The Defendant admits that assessments were made as set forth in paragraph 17 of the Complaint, but denies that such assessments were timely or accurate.

21. The Defendant admits that she has not paid the assessments set forth in paragraph 17 of the Complaint.

22. The Defendant admits the statements in paragraph 19 regarding accruals.

23. The Defendant denies the allegations set forth in paragraph 20 of the Complaint.

24. The Defendant denies the allegations set forth in paragraph 21 of the Complaint.

25. The Defendant denies the allegations set forth in paragraph 22 of the Complaint.

26. The Defendant denies the allegations set forth in paragraph 23 of the Complaint.

27. The Defendant admits that notices of federal tax lien were filed.

28. The Defendant admits that notices of federal tax lien were filed.

29. The Defendant denies the allegations set forth in paragraph 26 of the Complaint.

30. The Defendant denies the allegations set forth in paragraph 27 of the Complaint.

31. The Defendant denies the allegations set forth in paragraph 28 of the Complaint.

32. The Defendant denies the allegations set forth in paragraph 29 of the Complaint.

33. The Defendant denies the allegations set forth in paragraph 30 of the Complaint.

34. The Defendant denies the allegations set forth in paragraph 31 of the Complaint.

35. The Defendant denies the allegations set forth in paragraph 32 of the Complaint.

36. The Defendant denies the allegations set forth in paragraph 33 of the Complaint.

37. The Defendant denies the allegations set forth in paragraph 34 of the Complaint.

38. The Defendant denies the allegations set forth in paragraph 35 of the Complaint.

39. The Defendant denies the allegations set forth in paragraph 36 of the Complaint.

40. The Defendant denies the allegations set forth in paragraph 37 of the Complaint.

41. The Defendant denies the allegations set forth in paragraph 38 of the Complaint.

42. The Defendant denies the allegations set forth in paragraph 39 of the Complaint.

43. The Defendant denies the allegations set forth in paragraph 40 of the Complaint.

44. The Defendant denies the allegations set forth in paragraph 41 of the Complaint.

45. The Defendant denies the allegations set forth in paragraph 42 of the Complaint.

46. The Defendant denies the allegations set forth in paragraph 43 of the Complaint.

47. The Defendant denies the allegations set forth in paragraph 44 of the Complaint.

48. The Defendant denies the allegations set forth in paragraph 45 of the Complaint.

49. The Defendant denies the allegations set forth in paragraph 46 of the Complaint.

50. The Defendant denies the allegations set forth in paragraph 47 of the Complaint.

51. The Defendant denies the allegations set forth in paragraph 48 of the Complaint.

52. The Defendant denies the allegations set forth in paragraph 49 of the Complaint.

53. The Defendant denies the allegations set forth in paragraph 50 of the Complaint.

54. The Defendant denies the allegations set forth in paragraph 51 of the Complaint.

55. The Defendant denies the allegations set forth in paragraph 52 of the Complaint.

56. The Defendant denies the allegations set forth in paragraph 53 of the Complaint.

57. The Defendant denies the allegations set forth in paragraph 54 of the Complaint.

58. The Defendant denies the allegations set forth in paragraph 55 of the Complaint.

59. The Defendant denies the allegations set forth in paragraph 56 of the Complaint.

60. The Defendant denies the allegations set forth in paragraph 57 of the Complaint.

61. The Defendant denies the allegations set forth in paragraph 58 of the Complaint.

62. The Defendant denies the allegations set forth in paragraph 59 of the Complaint.

63. The Defendant denies the allegations set forth in paragraph 60 of the Complaint.

64. The Defendant has no position regarding paragraph 61 of the Complaint.

65. The Defendant denies the allegations set forth in paragraph 62 of the Complaint.

66. The Defendant has no position regarding paragraph 63 of the Complaint.

67. The Defendant denies the allegations set forth in paragraph 64 of the Complaint.

68. The Defendant denies the allegations set forth in paragraph 65 of the Complaint.

69. The Defendant denies the allegations set forth in paragraph 66 of the Complaint.

70. The Defendant has no position regarding paragraph 67 of the Complaint.

71. The Defendant denies the allegations set forth in paragraph 68 of the Complaint.

72. The Defendant denies the allegations set forth in paragraph 69 of the Complaint.

73. The Defendant has no position regarding paragraph 70 of the Complaint.

74. The Defendant denies the allegations set forth in paragraph 71 of the Complaint.

75.     The Defendant denies the allegations set forth in paragraph 72 of the Complaint.

### GENERAL DENIAL

The Defendant denies each and every allegation of the Complaint which has not been specifically admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendant and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred or diminished because the Defendant does not owe the full amount of the tax, penalties and interest assessed by the Internal Revenue Service.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred or diminished by virtue of its failure to give proper credit for all payments made by the Defendant for the tax years at issue in this case.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by applicable statutes of limitation, waiver, estoppel, and/or laches.

The Defendant reserves the right to add any affirmative defenses as the same become know to them through disclosures or discovery in this case.

WHEREFORE, the Defendant respectfully requests the Court:

1. to deny the relief sought by the Plaintiff and enter judgment on behalf of the Defendant;

2. to award costs to the Defendant; and

3. to grant such other and further relief as the Court deems just and proper.

DATED: September 16, 2019

                Respectfully submitted,

                MERRIAM LAW FIRM, P.C.

                s/Ted H. Merriam
                Ted H. Merriam, Esq.

                1625 Broadway, Suite 770
                Denver, Colorado 80202
                Telephone: 303-592-5404
                Facsimile: 303-592-5439
                E-mail: kevin@merriamlaw.com

                Counsel for Nancy Colquitt

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2019, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Ryan Watson
    U.S. Department of Justice-DC-Tax
    P.O. Box 683 Ben Franklin Station
    Washington, DC  20044-0683

    s/Ted H, Merriam
    Ted H. Merriam

    Merriam Law Firm, P.C.
    1625 Broadway, Suite 770
    Denver, CO  80202
    Phone: 303-592-5404
    Fax: 303-592-5439