IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 19-cv-01161-JLK

THE UNITED STATES OF AMERICA,

  Plaintiff,

  v.

NANCY RADI, a/k/a NANCY COLQUITT,
a/k/a NANCY HENDRICKS;
ROBERT COLQUITT;
DARLOC ENTERPRISES, LLC;
DARLOC VENTURES;
DENVER COUNTY, CO;

  Defendants.

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

**1. DATE OF CONFERENCE**

Pursuant to the Court's December 2, 2019 Minute Order (ECF No. 31), no scheduling and discovery conference is scheduled in this matter.

**2. STATEMENT OF CLAIMS AND DEFENSES**

a. <u>The United States</u> seeks to reduce to judgment certain outstanding federal tax liabilities and civil penalties assessed against Defendant Nancy Radi (a/k/a Nancy Colquitt, a/k/a Nancy Hendricks—hereinafter "Nancy Colquitt") and to foreclose related federal tax liens on real property owned by Ms. Colquitt located in Denver County. The United States' foreclosure claim includes a claim that the property in Denver County is held in title by Ms. Colquitt's transferee, nominee, and/or alter ego, Darloc Enterprises, LLC. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 & 1345, and 26 U.S.C. §§ 7402 & 7403.

b. <u>Nancy Colquitt</u> denies that the assessments described in the United States' Amended Complaint are correct or timely, and also denies the United States' allegations regarding the property in Denver County. As affirmative defenses, Ms. Colquitt alleges that: (1) the Amended Complaint fails to state a claim upon which relief can be granted; (2) that the United States' claim is barred or diminished because Ms. Colquitt does not owe the full amount of the tax, penalties, and interest assessed by the IRS; (3) that the United States' claim is barred or diminished because it has not given proper credit for payments made; and (4) that the United States' claim is barred by applicable statutes of limitation, waiver, estoppel, and/or laches.

c. <u>Denver County, Colorado</u> is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) as a party with a potential interest in the real property at issue in this action. Denver County filed a disclaimer of interest in this matter, and it is anticipated that the County will have little involvement in this case. In the event the property at issue in this matter is sold, the County may have a claim (including a claim of a senior lien arising under 26 U.S.C. § 6323) to proceeds from the sale.

## 3. UNDISPUTED FACTS

The United States, Ms. Colquitt, and Denver County, Colorado agree that Denver County is a defendant in this action under 26 U.S.C. § 7403(b) as a party with a potential interest in the real property at issue in this action. No other claims for relief, monetary or otherwise, are brought between the parties with respect to Denver County, other than its potential claim to proceeds in the event of a sale of the property.

The United States and Ms. Colquitt agree that the following facts are undisputed:

a. The Court has jurisdiction over this case.

b. Venue is proper in the District of Colorado.

    c. Ms. Colquitt filed a federal individual tax return for the 2008 tax year, but failed to pay the self-reported liability set forth on the return.

    d. The IRS made assessments on the dates and in the amounts shown in Paragraph 15 of the United States' Amended Complaint.

    e. The IRS made assessments on the dates and in the amounts shown in Paragraph 17 of the United States' Amended Complaint.

    f. Ms. Colquitt has not fully paid the assessments described in Paragraphs 15 and 17 of the United States' Amended Complaint.

    g. Notices of Federal Tax Liens were filed with the County Recorder of Denver County, Colorado as described in the United States' Amended Complaint.

## 4. COMPUTATION OF DAMAGES

The United States does not seek traditional damages in this case: rather, it seeks to reduce its federal tax and civil penalty assessments to judgment. The United States alleges that, as of April 19, 2019, Ms. Colquitt owed $115,344.59. In November 2019, the United States received a payment of $19,000 on Ms. Colquitt's behalf resulting from a settlement of the United States' claim against Christopher and Amanda Tracy to foreclose on property in Fairplay, Colorado. (*See* Motion to Dismiss Christopher and Amanda Tracy, ECF No. 29; Order Granting Motion, ECF No. 30.) This payment will reduce the amount of the judgment the United States seeks.

## 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

    a. <u>Date of Rule 26(f) meeting</u>:   January 7, 2019

    b. <u>Names of each participant and each party represented</u>:
        Ryan S. Watson, Counsel for the United States
        Kevin A. Planegger, Counsel for Nancy Colquitt

    c.    <u>Proposed changes, if any in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)</u>: The parties shall make their initial disclosures on or before January 31, 2019. Denver County, given the claim asserted against it in this case, shall not be required to make initial disclosures.

    d.    <u>Statement as to when Rule 26(a) disclosures were made or will be made</u>: The parties shall make their initial disclosures on or before January 31, 2019.

    e.    <u>Statement concerning any agreements to conduct informal discovery</u>: No agreements have been made; however, the parties anticipate that the relevant documents in this matter can be exchanged informally or through initial disclosures.

    f.    <u>Statement concerning any agreements or proposals regarding electronic discovery</u>: To the extent ESI exists, the parties agree that such ESI may be produced in paper (or imaged electronic) format, as well as native format. The United States notes that, in the instant case, to the extent that ESI exists, such information may be sought to the extent necessary to authenticate documents or to ascertain the completeness of discovery. The United States further states that certain ESI in its possession may be protected under Section 6103 of the Internal Revenue Code, the deliberative process privilege, the attorney-client and attorney work product privileges, and other privileges.

    g.    <u>Statement concerning any other agreements or proposals to reduce discovery and other litigation costs</u>: No other agreements have been made.

    h.    <u>Statement regarding use of the unified exhibit numbering system</u>: The parties agree to use a unified exhibit numbering system in this case.

    i.    <u>Statement on anticipated costs of litigation</u>:

        The United States anticipates that this litigation (in the event it proceeds to summary judgment or trial) will require one or more trips by trial counsel from Washington, DC to Denver, CO. In undersigned counsel's experience, such trips cost between $500 and $1,000, depending on length, applicable government contract rates, and the timing of travel. In undersigned counsel's experience, court reporter fees for depositions in the area typically range from $300-$500, depending on the length of deposition, number of exhibits, and format of the transcript.

### 6. CASE PLAN AND SCHEDULE

**a.** **Deadline for Joinder of Parties**

February 14, 2020

**b.** **Deadline to Amend Pleadings**

February 14, 2020

**c.** **Discovery Cut-off**

July 10, 2020

**d.** **Dispositive Motion Deadline**

August 10, 2020

**e.** **Expert Witness Disclosure**

(1) The parties do not anticipate the use of expert testimony in this case.

(2) The parties do not propose any limitations on the use or number of expert witnesses.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 1, 2020.

    (4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 1, 2020.

    (5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the Rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**f.**   **Deposition Schedule**

At this time, the United States anticipates taking the depositions of Nancy Colquitt, Robert Colquitt, a Representative of Darloc Ventures, a Representative of Darloc Enterprises, LLC, and Joseph Hill. With the exception of Joseph Hill, the United States anticipates that these depositions will take place in Denver, CO and will last around five hours each. Depending on the availability of Robert Colquitt, Darloc Ventures, Darloc Enterprises, LLC (all defaulting parties in this case) and Joseph Hill, and the completion of written discovery, the United States anticipates completing these depositions April through June, 2020.

**g.**   **Interrogatory Schedule**

The United States anticipates issuing interrogatories within 30 days of receipt of Ms. Colquitt's initial disclosures. Pursuant to Fed. R. Civ. P. 33, the United States anticipates answers within 30 days.

**h.**   **Schedule for Requests for Production of Documents**

The United States anticipates issuing requests for production of documents within 30 days of receipt of Ms. Colquitt's initial disclosures. Pursuant to Fed. R. Civ. P. 34, the United States anticipates answers within 30 days.

    i.    **Discovery Limitations**

        (1) <u>Limits on the length of any deposition</u>: The parties do not propose any limitations.

        (2) <u>Modification to the presumptive numbers of depositions or interrogatories contained in the Federal Rules</u>: The parties do no propose any modification.

        (3) <u>Limitations on the number of requests for production of documents and/or requests for admissions</u>: The parties do not propose any limitations.

    j.    **Other Planning or Discovery Orders**

        The parties do not propose any other planning or discovery orders.

## 7. SETTLEMENT

The United States and Ms. Colquitt have been engaged in active settlement discussions and view the prospects of settlement as good. At this time, no settlement conference is requested. The parties will advise the Court promptly if a settlement is reached.

## 8. OTHER SCHEDULING ISSUES

a. <u>Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:</u> The parties were able to reach an agreement on all issues.

b. <u>Statement of anticipated motions to be filed, by whom, estimated time of filing, and any proposed briefing schedule:</u> The United States anticipates filing a motion for summary judgment in this matter, and the parties will follow the Court's general practice for the response to be filed 21 days from the date of filing of the motion and the reply brief to be due 14 days from the date of the filing of the response brief.

  c. <u>Statement whether trial is to the court or jury</u>: No jury demand has been made; accordingly, the trial is to the Court.

  **9.** **AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER**

  This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon. As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order. If the parties cannot agree on such extensions, my inclination is, in the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

  DATED this 13th day of January, 2020

                   _____
                   JOHN L. KANE
                   SENIOR U.S. DISTRICT JUDGE

**STIPULATED SCHEDULING AND**
**DISCOVERY ORDER APPROVED:**

Dated: January 10, 2020  RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:   202.514.5173
Fax:  202.307.0054
Ryan.Watson@usdoj.gov

*Of Counsel*
JASON R. DUNN
United States Attorney
*Attorneys for the United States of America*


*/s/  Kevin A. Planegger*
TED H. MERRIAM
KEVIN A. PLANEGGER
Merriam Law Firm, P.C.
1625 Broadway, Suite 1625
Denver, CO 80202
Tel:   303.592.5404
Fax:  303.592.5439
kevin@merriamlaw.com
*Counsel for Nancy Colquitt*


*/s/  Edward James Gorman*
EDWARD JAMES GORMAN
Denver City and County Attorney's Office
201 West Colfax Avenue
Denver, CO 80202
720.913.3287
edward.gorman@denvergov.org
*Counsel for Denver County, CO*

9