IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 19-1161-JLK

THE UNITED STATES OF AMERICA,

       Plaintiff,

       v.

NANCY RADI, a/k/a NANCY COLQUITT,
a/k/a NANCY HENDRICKS,
ROBERT COLQUITT,
DARLOC ENTERPRISES, LLC,
DARLOC VENTURES,
DENVER COUNTY, CO,
PARK COUNTY, CO,
CHRISTOPHER TRACY, and
AMANDA TRACY,

       Defendants.

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST ROBERT COLQUITT, DARLOC ENTERPRISES, LLC, AND DARLOC VENTURES

The United States hereby moves for default judgment against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures under Rule 55(b) of the Federal Rules of Civil Procedure. Default Judgment is appropriate because Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have all failed to file a responsive pleading to the United States' Complaint or Amended Complaint in this action. Defendant Nancy Radi, a/k/a Nancy Colquitt ("Nancy

Colquitt"), does not oppose this Motion. In support of its Motion, the United States submits the following:[1]

## I. RELIEF SOUGHT

The United States seeks default judgment against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures for their failure to plead or otherwise respond in this matter. The United States seeks no monetary relief; rather, it only seeks an order stating that Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have no interest in the real property at issue in this case, 655 S. Clinton St. #B, Denver, CO 80247 ("the Subject Property").

## II. BACKGROUND

1. The United States filed its Complaint in this case on April 19, 2019 (ECF No. 1), seeking to reduce outstanding federal tax and penalty assessments against Nancy Colquitt to judgment and to foreclose related federal tax liens against, *inter alia*, the Subject Property.

2. On May 15, 2019, the United States amended its Complaint (ECF No. 4).

3. Under 26 U.S.C. § 7403(b), the United States is required to name as defendants in cases seeking foreclosure of federal tax liens "[a]ll persons having liens upon or claiming any interest" in any real property that is the subject of the action.

4. Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures were named in the United States' Complaint and Amended Complaint as parties with a potential interest in the Subject Property pursuant to 26 U.S.C. § 7403(b).

---

[1] The United States has also included an affidavit and proposed default judgment, as required by D.C.COLO.LCivR 55.1.

5. On June 27, 2019, Defendant Robert Colquitt was served with a copy of the Summons, Complaint, and Amended Complaint pursuant to Fed. R. Civ. P. 4(e)(2)(b). (ECF No. 17, Proof of Service.)

6. On June 27, 2019 Defendant Darloc Enterprises, LLC was served with a copy of the Summons, Complaint, and Amended Complaint pursuant to Fed. R. Civ. P. 4(e)(2)(b). (ECF No. 14, Proof of Service.)

7. On June 27, 2019 Defendant Darloc Ventures was served with a copy of the Summons, Complaint, and Amended Complaint pursuant to Fed. R. Civ. P. 4(e)(2)(b). (ECF No. 15, Proof of Service.)

8. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Robert Colquitt's, Darloc Enterprises, LLC's, and Darloc Ventures' answers were due on July 18, 2019.

9. As of this date, Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have not filed an answer or any responsive pleading in this matter.

10. In its Motion for Entry of Default against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures (ECF No. 26), the United States submitted an affidavit stating that Defendant Robert Colquitt is not a minor or an incompetent person, nor is he a member of the United States Armed Forces, and therefore, default could be entered consistent with the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 501. (ECF No. 26-1.)

11. The United States also noted that Darloc Enterprises, LLC and Darloc Ventures are not subject to the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 501. (ECF No. 26.)

12. On November 25, 2019, the Clerk of Court entered default against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures.

13. Robert Colquitt is not a minor or an incompetent person. He is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of

Servicemembers Against Default Judgments, and he has not made an appearance in this case. (*See* Attached Declaration of Ryan S. Watson).

14. Darloc Enterprises, LLC is an entity; therefore it is not a minor or an incompetent person, and it is not subject to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of Servicemembers Against Default Judgments. It has not made an appearance in this case. (*See* Attached Declaration of Ryan S. Watson).

15. Darloc Ventures is an entity; therefore it is not a minor or an incompetent person, and it is not subject to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of Servicemembers Against Default Judgments. It has not made an appearance in this case. (*See* Attached Declaration of Ryan S. Watson).

### III.  MOTION FOR DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 12(a), a defendant has 21 days to respond after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have not complied with this requirement. Pursuant to Fed. R. Civ. P. 55, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party may be defaulted. As noted above, default has been entered by the Clerk of Court against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures.

Once default has been entered, the party seeking affirmative relief may move for default judgment. Fed. R. Civ. P. 55(b). As the Tenth Circuit has held, default judgments are appropriate when "the adversary process has been halted because of an essentially unresponsive party" and serve to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Ruplinger v. Rains*, 946 F.2d 731, 732 – 733 (10th Cir. 1991). *See also Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their pleasure").

In this matter, service of process was properly effected on Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures. After such service, Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have not responded in any manner to the United States' Complaint or Amended Complaint, and default has been entered by the Clerk of Court. Based on the above, default judgment may be entered against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures in order to protect the United States against delay and uncertainty caused by defendants' failure to respond or otherwise participate in this action.

WHEREFORE, the United States respectfully requests that the Court enter default judgment for the United States against Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures and issue an order finding that Robert Colquitt, Darloc Enterprises, LLC, and Darloc Ventures have no interest in the Subject Property.

Dated: August 10, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:  202.514.5173
Fax:  202.307.0054
Ryan.Watson@usdoj.gov

*Of Counsel*
JASON R. DUNN
United States Attorney

*Attorneys for the United States of America*